UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JIANHUI HU, ZHISHONG LIU, JINQUAN
YIN, XING XING AND YAN FENG CHENG,

                    Plaintiffs,

             -against-                        **ORDER**

226 WILD GINGER INC. d/b/a WILD GINGER,    17-CV-10161 (JGK) (KNF)
51 WILD GINGER INC. d/b/a WILD GINGER
AND SHAN YOU CHEN,

                    Defendants.
-----------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

On December 18, 2019, the Court ordered that an inquest hearing be held on January 14, 2020. See Docket Entry No. 70. At the January 14, 2020 hearing, the plaintiffs' counsel represented to the Court that plaintiff Jinquan Yin ("Yin") "is currently in China," and requested that two of the four testifying plaintiffs "be witness[es] for the plaintiff Yin" because they worked "during the same period" and "are able to testify to what happened at a restaurant." The Court denied the request and stated that "today is the opportunity for the plaintiffs to establish whatever damages plaintiffs believe should be awarded to them; and so if Mr. Yin is not here to do that, I am not going to suspend the proceeding for some time in the future unknown when he might be back in the country." In a letter, dated February 11, 2020, the plaintiffs' counsel stated that Yin "is currently in China and the undersigned has lost contact with the client" and, "prior to Your Honor's decision in this matter, the undersigned respectfully requests to allow Plaintiffs until April 11, 2020 to report the status of Plaintiffs [sic] Yin and his whereabouts." Docket Entry No. 82.

1

The plaintiffs' counsel failed to articulate the purpose of reporting about "the status of Plaintiff Yin and his whereabouts." Between the Court's December 18, 2019 order directing the hearing and the January 14, 2020 hearing, counsel neither informed the Court about Yin's inability to attend the hearing nor requested an adjournment of the hearing. Counsel did not indicate, at the January 14, 2020 hearing, when Yin left the United States for China. The Court made clear at the January 14, 2020 hearing that the proceedings will not be suspended "for some time in the future unknown when he might be back in the country." Almost one month after the hearing, counsel effectively seeks a stay of this proceeding until April 11, 2020, despite his representation that he "has lost contact with the client." Given that counsel lost contact with Yin, the basis for counsel's representation that Yin "is currently in China" is not clear. Counsel does not assert that new evidence became available since the January 14, 2020 hearing, and he does not seek to supplement the record. The purpose of counsel's request, not stated in his February 11, 2020 letter, escapes the Court. The plaintiffs' February 11, 2020 request to stay this action until April 11, 2020, Docket Entry No. 82, is denied.

Dated: New York, New York
      February 13, 2020

SO ORDERED:

*/s/ Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE