**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**JIANHUI HU et al.,**

                    **Plaintiffs,**              **17-cv-10161 (JGK)**

        **- against -**                          **MEMORANDUM OPINION AND**
                                                 **ORDER**
**226 WILD GINGER et al.,**

                    **Defendants.**

**JOHN G. KOELTL, District Judge:**

    The plaintiffs in this case, Jianhui Hu ("Hu"), Zhishong
Liu ("Liu"), Jinquan Yin ("Yin"), Xing Xing ("Xing"), and Yan
Feng Cheng ("Cheng"), brought claims against the defendants for
unpaid wages and overtime compensation under the Fair Labor
Standards Act ("FLSA") and the New York Labor Law ("NYLL"). On
December 21, 2018, this Court entered a default judgment against
the defendant and referred the case to Magistrate Judge Fox for
an inquest on damages. ECF Nos. 64, 65. Following an inquest on
damages, in which the Magistrate Judge received written
submissions from the plaintiffs and held an evidentiary hearing
at which four of the five plaintiffs testified, the Magistrate
Judge issued a Report and Recommendation that this Court should
award the plaintiffs neither damages nor attorney's fees and
costs. The plaintiffs timely objected to the Report and
Recommendation and also filed a motion before this Court for

                                1

attorney's fees and costs pursuant to the FLSA, the NYLL, and Federal Rule of Civil Procedure 54(d).

For the reasons that follow, the Court declines to adopt the Report and Recommendation with respect to the plaintiffs' damages. The case is recommitted to the Magistrate Judge pursuant to Federal Rule of Civil Procedure 72(b)(3) for further proceedings consistent with this opinion. The plaintiffs' motion for attorney's fees and costs is **denied.**

**I.**

**A.**

The district court must "make a de novo determination of those portions of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3). "The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3). When reviewing the Report and Recommendation of a magistrate judge, "[t]he court need not conduct a de novo hearing on the matter. Instead, it is sufficient that the court 'arrive at its own independent conclusion' regarding those portions of the report to which objections are made." In re Hulley Enters. Ltd., 400 F. Supp. 3d

62, 69 (S.D.N.Y. 2019) (internal citation omitted) (quoting Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985)).

**B.**

At an inquest on damages following the entry of a default judgment, "[a] court should take any necessary steps to establish damages with reasonable certainty." Herrara v. 12 Water St. Gourmet Cafe, Ltd., No. 13-cv-4370, 2016 WL 1274944, at *4 (S.D.N.Y. Feb. 29, 2016), report and recommendation adopted, 2016 WL 1268266 (S.D.N.Y. Mar. 31, 2016).

"Under the FLSA, an employee seeking to recover unpaid minimum wage or overtime 'has the burden of proving that he performed work for which he was not properly compensated.'" Jian v. Shi Ya Chen, No. 03-cv-165, 2007 WL 4944767, at *2 (S.D.N.Y. Mar. 30, 2007) (quoting Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946)). Under the FLSA and New York State law, an employer is required to maintain records of employees' wages, hours, and other employment practices. See Angamarca v. Pita Grill 7 Inc., No. 11-cv-7777, 2012 WL 3578781, at *3 (S.D.N.Y. Aug. 2, 2012), report and recommendation adopted, (S.D.N.Y. Dec. 14, 2012), ECF No. 39. Thus, where the employer has failed to produce employment records to the court, the employee may establish his right to damages by recollection alone. Id. Such recollection should not amount to speculation, but an "affidavit that sets forth the number of hours worked is sufficient." Id.;

3

see also Baltierra v. Advantage Pest Control, No. 14-cv-5917,
2015 WL 5474093, at *4 (S.D.N.Y. Sept. 18, 2015) ("In a FLSA
case, in the absence of rebuttal by defendants, plaintiffs'
recollection and estimates of hours worked are presumed to be
correct.") (collecting cases). "[T]he plaintiff's recollection
and estimates of hours worked are presumed to be correct."
Kliger v. Liberty Saverite Supermarket, Inc., No. 17-cv-2520,
2018 WL 4782342, at *2 (E.D.N.Y. Sept. 17, 2018) (collecting
cases), report and recommendation adopted, 2018 WL 4783964
(E.D.N.Y. Oct. 3, 2018).

## II.

### A.

At the inquest on damages, the Magistrate Judge received
written affidavits from all five plaintiffs attesting to the
hours they worked, the rates of pay they had received during the
times of their employment, and other information relevant to the
calculation of damages under the FLSA and the NYLL for unpaid
wages and unpaid overtime pay. In addition, the Magistrate Judge
held an evidentiary hearing at which Xing, Cheng, Hu, and Liu
testified. The defendants did not respond to the plaintiffs'
inquest submissions nor did the defendants appear at the hearing
before the Magistrate Judge. Following the inquest, the
Magistrate Judge issued a Report and Recommendation that the

4

plaintiffs should receive no damages for their unpaid wages and overtime compensation under the FLSA and the NYLL. ECF No. 84.

In denying damages to the plaintiffs, the Magistrate Judge noted that there were "inconsistencies concerning the hours worked and the compensation received" as well as a "lack of any evidence identifying the amount of and the basis for calculating" damages for Hu. ECF No. 84, at 18. For the remaining plaintiffs, the Magistrate Judge noted that there were "inconsistencies concerning the hours worked" as well as a "lack of any evidence identifying the amount of and the basis for calculating" damages. Id. at 20 (Liu); id. at 21 (Yin); id. at 22-23 (Xing); id. at 24 (Cheng). For those reasons, the Magistrate Judge, citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997), found that the plaintiffs had not established damages with "reasonable certainty."

**B.**

A review of the record before the Magistrate Judge indicates that the plaintiffs' written submissions were relatively detailed in terms of specifying the amounts of hours the plaintiffs worked, during what time periods the plaintiffs worked certain hours, and the rates of pay earned by the plaintiffs during relevant times. See ECF No. 69 & Exs. 1-8. The detailed affidavits submitted by the plaintiffs may have, by

5

themselves, provided a basis for calculating damages without the need for an evidentiary hearing. See Lopez v. Emerald Staffing, Inc., No. 18-cv-2788, 2020 WL 915821, at *5 (S.D.N.Y. Feb. 26, 2020) ("If the documents the plaintiff has submitted provide a 'sufficient basis from which the evaluate the fairness of' the requested damages, the Court need not conduct an evidentiary hearing.") (quoting Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989)).[1]

Nevertheless, the Magistrate Judge made the permissible and discretionary decision to hold an evidentiary hearing in addition to receiving the plaintiffs' written affidavits. Following the hearing there were plainly some inconsistencies between the plaintiffs' written affidavits and the testimony of the plaintiffs at the evidentiary hearing. There is no doubt that arriving at a proper calculation of damages in the face of such inconsistencies presented a difficult task, particularly in view of the sloppiness of the submissions by the plaintiffs' lawyer, for example referring to people who were not even parties in the case.

---

[1] The Magistrate Judge noted that the affidavits were "suspect" because it was unclear who prepared or translated the affidavits for the non-English-speaking plaintiffs. ECF No. 84, at 25. The plaintiffs may, upon the case being recommitted to the Magistrate Judge, wish to provide greater clarity, in the form of sworn declarations, about the process by which the affidavits in this case have been prepared and translated.

For example, as the Magistrate Judge noted, Hu stated in his affidavit that from September 30, 2013 to October 31, 2014, he worked both "early shifts" and "late shifts," but Hu did not identify the number of each type of shift he worked. Hu's affidavit attested to shifts during this time period from 11:00 to 15:30 and then from 17:00 to 21:30 for a total of nine hours per day, five days per week, and then from 15:00 to 21:30 on Sunday. ECF No. 84, at 16. Then, as the Magistrate Judge noted, Hu testified at his hearing that at the beginning of the time that he worked for the defendants, which the Magistrate Judge interpreted to mean from September 30, 2013 to October 31, 2014, Hu worked from 11:00 in the morning to 9:30 in the evening, for a total of 10.5 hours per day. Id.

The Magistrate Judge is correct that this is an inconsistency in Hu's evidence, and that this inconsistency in Hu's evidence is emblematic of the types of inconsistencies that were prevalent in the plaintiffs' evidence. However, it is reasonably clear that the plaintiffs established that some damages could be calculated with "reasonable certainty" based on the plaintiffs' own recollections. In other words, the Magistrate Judge's recommendation was not based on a conclusion that the plaintiffs had worked no regular hours for which they were not paid the minimum wage or that the plaintiffs had worked no overtime hours for which they were not paid the appropriate

7

overtime rate. For that reason, an award of some damages is appropriate.

The principal case cited by the Magistrate Judge in denying an award of damages, Transatlantic Marine, was not a FLSA case, nor does Transatlantic Marine itself provide guidance about what is required of a court in order "to establish damages with reasonable certainty." See 109 F.3d at 111 (remanding the case to the district court with instructions, if admiralty jurisdiction is proper, simply to "determine the damages based on appropriate evidence"). There were clearly some discrepancies between the plaintiffs' written affidavits and the testimony of the plaintiffs at the hearing with respect to the number of hours worked, but it does not appear that the inconsistences are indicative of pure speculation on the part of the plaintiffs such that a finding that the plaintiffs are entitled to no damages under the NYLL or the FLSA would be appropriate.

Any inconsistencies within the evidence introduced by the plaintiffs at the inquest appear to be the kind of inconsistences that are attributable to the vagaries of memory and the problems inherent with calculating damages in FLSA and NYLL cases when the employer fails to appear and fails to produce employment records. At an inquest on damages in a FLSA or NYLL case following default, the courts are entitled to credit the plaintiffs' recollection for the amounts of hours

8

worked and for the rates of pay precisely because the employer has deprived the plaintiffs and the court of evidence of the necessary employee records required by the law. See Xochimitl v. Pita Grill of Hell's Kitchen, Inc., No. 14-cv-10234, 2016 WL 4704917, at *5 (S.D.N.Y. Sept. 8, 2016), report and recommendation adopted, 2016 WL 6879258 (S.D.N.Y. Nov. 21, 2016). Where the plaintiffs have established the liability of their employers based on the well-pleaded allegations in the complaint, the plaintiffs should not be penalized by being denied an award of any damages because their memories are inconsistent. Rather, an attempt should be made to calculate at least a minimum amount of damages that can be calculated with "reasonable certainty" that does not depend on pure speculation by the plaintiffs, but that nevertheless represents an attempt to fulfill the remedial purposes of the FLSA and the NYLL.[2]

Pursuant to Rule 72(b)(3), the case will be recommitted to the Magistrate Judge for further proceedings consistent with this opinion in order to arrive at a calculation of damages

---

[2] The plaintiffs state in their objections to the Report and Recommendation that the detailed affidavits should control over the testimony of the plaintiffs, to the extent that there are inconsistencies between the two. The plaintiffs are correct that an evidentiary hearing is not needed to award damages in a FLSA case if the detailed affidavits are sufficient. See Lopez v. Yossi's Heimishe Bakery Inc., No. 13-cv-5050, 2015 WL 1469619, at *3 (E.D.N.Y. Mar. 30, 2015). However, the Magistrate Judge was skeptical of the affidavits and diligently attempted to determine the truth about the plaintiffs' work history by holding an evidentiary hearing. It is up to the experienced Magistrate Judge on remand to take whatever steps the Magistrate Judge concludes are reasonably necessary to determine at least a minimum amount of damages "with reasonable certainty."

"with reasonable certainty." The Court does not doubt the existence of such inconsistencies or the difficulties associated with grappling with such evidence. However, given that the defendants' default established their liability based on the well-pleaded allegations in the complaint, it is plain that the plaintiffs are owed <u>something</u> based on the plaintiffs' "recollection and estimates of hours worked." <u>Baltierra</u>, 2015 WL 5474093, at *4.

### III.

With respect to attorney's fees, the Magistrate Judge recommended that the Court no attorney's fees and costs to the plaintiffs.

The plaintiffs were informed by the Magistrate Judge that, at the inquest for damages, "[c]ounsel to the plaintiffs shall be prepared to provide to the Court competent evidence in support of plaintiffs' claims, including evidence, if any, in support of counsel's application for attorney fees." ECF No. 70.

In his Report and Recommendation that the plaintiffs be awarded no attorney's fees, the Magistrate Judge noted that the plaintiffs had simply asserted at the inquest that they were entitled to attorney's fees and costs under the FLSA and the NYLL because they were prevailing parties. The Magistrate Judge noted that the plaintiffs did not otherwise "make any argument

10

or present any evidence concerning attorney's fees." ECF No. 84, at 24.

The plaintiffs have not specifically objected to the Magistrate Judge's Report and Recommendation with respect to attorney's fees other than to say that the plaintiffs should be given fourteen days after the award of damages to apply for attorney's fees pursuant to Federal Rule of Civil Procedure 54(d)(2)(B)(i). ECF No. 86, at 5. The plaintiffs have now filed a motion for attorney's fees and costs under Rule 54(d) along with a supporting declaration. ECF Nos. 88-90.

The plaintiffs do not explain why a Rule 54(d) motion for attorney's fees is proper before this Court when the plaintiffs had a full opportunity to substantiate their request for attorney's fees and costs before the Magistrate Judge at the inquest. Rule 54(d) provides the means to seek attorney's fees by motion no later than 14 days after judgment is entered, but that timing is conditioned on the proviso that it applies unless "a statute or court order provides otherwise." In this case, the Magistrate Judge ordered the plaintiffs to present any evidence supporting a claim for attorney's fees, and the plaintiffs' counsel failed to do so.  The plaintiffs' counsel cannot circumvent the Magistrate Judge's order by making a motion before this Court for the relief that he defaulted on before the Magistrate Judge.

To the extent that the plaintiffs' motion for attorney's
fees is construed as an objection to the Magistrate Judge's
recommendation that the Court award no attorney's fees to the
plaintiffs, that objection is overruled. The plaintiffs have
presented no argument why the Magistrate Judge erred in
declining to award any attorney's fees or costs when the
plaintiffs failed to offer any evidence of the amount of those
fees and costs despite the Magistrate Judge's Order to present
any evidence to support such an award.

In the plaintiffs' papers presented to the Court on the
plaintiffs' current motion for attorney's fees, the plaintiffs
introduce a declaration attesting to the fees that should be
awarded based on the time worked by the plaintiffs' attorney on
this matter and on the attorney's qualifications. The plaintiffs
did not present these papers to the Magistrate Judge at the
inquest. The plaintiffs do not provide any justification for not
presenting the evidence in support of the application for
attorney's fees to the Magistrate Judge in the first instance.
Therefore, the Court declines to consider the evidence presented
by the plaintiffs at this point in objecting to the Magistrate
Judge's Report and Recommendation with respect to attorney's
fees. Absent a compelling justification to present new evidence
to the District Court, review of the Magistrate Judge's ruling
should be based on the evidence before the Magistrate Judge and

not on new evidence presented to the District Court. <u>See</u> <u>Azkour</u> <u>v. Little Rest Twelve, Inc.</u>, No. 10-cv-4132, 2012 WL 1026730, at *2 (S.D.N.Y. Mar. 27, 2012) (collecting cases).

As a final note, the Court's order with respect to attorney's fees does not preclude the plaintiffs' counsel from seeking fees and costs for the time spent on this matter upon the case being recommitted to the Magistrate Judge. Such an application should be made to Magistrate Judge in the first instance.

**CONCLUSION**

The Court declines to adopt the Report and Recommendation of the Magistrate Judge with respect to the plaintiffs' award of damages. The case is recommitted to the Magistrate Judge for further proceedings consistent with this opinion. The plaintiffs' motion for attorney's fees is **denied**. The Clerk is directed to close Docket No. 88.

**SO ORDERED.**

**Dated:**      **New York, New York**
           **July 31, 2020**                    **/s/ John G. Koeltl**
                                         **John G. Koeltl**
                                **United States District Judge**