```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
-----------------------------------------------

JIANHUI HU, ET AL.,

            Plaintiffs,

   - against -

226 WILD GINGER, INC., ET AL.,

            Defendants.

-----------------------------------------------

17-cv-10161 (JGK)

ORDER

**JOHN G. KOELTL, District Judge:**

    Jianhui Hu, Zhizhong Liu, Jinquan Yin, Xing Xing, and Yan Feng Cheng (together, the "plaintiffs"), brought claims against the 226 Wild Ginger Inc., 51 Wild Ginger Inc., and Shan You Chen (together, the "defendants") for unpaid wages and overtime compensation under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). On December 21, 2018, this Court entered a default judgment against the defendants and referred the case to Magistrate Judge Fox for an inquest on damages. ECF Nos. 64, 65.  Magistrate Judge Fox directed the plaintiffs to file proposed findings of fact and conclusions of law, an inquest memorandum of law, with supporting affidavits and exhibits, setting forth proof of their damages. ECF No. 66.  After receiving the written submissions, Magistrate Judge Fox ordered an inquest hearing and specifically directed the plaintiffs to "be prepared to provide to the Court competent evidence in support of plaintiffs' claims, including evidence, if any, in support of counsel's application for attorney fees." ECF No. 70.

Despite this Order, the plaintiffs failed to present any evidence concerning attorney's fees, nor did the plaintiffs request additional time to file evidence regarding attorney's fees. ECF. No. 84, at 24.  On March 17, 2020, Magistrate Judge Fox issued a Report and Recommendation that this Court should award the plaintiffs neither damages nor attorney's fees. Id. at 24-25. The plaintiffs filed a timely objection to the Report and Recommendation and also filed a motion before this Court for attorney's fees and costs pursuant to the FLSA, the NYLL, and Federal Rule of Civil Procedure 54(d).[1] ECF No. 86, 88-90.

This Court issued an Order and Opinion on July 31, 2020 ("July 31 Order"), that declined to adopt the Report and Recommendation with respect to the plaintiffs' damages, but that accepted the Report and Recommendation with respect to denying the plaintiffs' request for attorney's fees.  ECF No. 91.

The plaintiffs have filed a motion for reconsideration, pursuant to Local Civil Rule 6.3 and Rules 59 and 60(b)(6) of the Federal Rules of Civil Procedure, regarding this Court's July 31 Order, that accepted the Magistrate Judge's recommendation not to

---

[1] The plaintiffs objected to the Magistrate Judge's Report and Recommendation with respect to attorney's fees by citing to Federal Rule of Civil Procedure 54(d)(2)(B)(i)'s reference to the ordinary rule that a prevailing plaintiff has 14 days after the award of damages to apply for attorney's fees.  ECF No. 88-90. However, as this Court noted in its July 31 Order, Rule 54(d)(2)(B) clearly states this 14 day timeline only applies "[u]nless a statute or court order provides otherwise." Fed. R. Civ. P. 54(d)(2)(B); ECF No. 91 at 10.

2

award attorney's fees for prior work performed. ECF No. 88-90. For the reasons below, this motion is **denied.**

A motion for reconsideration is an extraordinary motion, one that "should be granted only when the defendant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Robinson v. Disney Online, 152 F. Supp. 3d 176, 185 (S.D.N.Y. 2015) (quoting Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir.2013)). See, e.g., Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012), as amended (July 13, 2012)("It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple")(internal quotation and citation omitted); Coventry Capital US LLC v. EEA Life Settlements Inc., 439 F. Supp. 3d 169, 175 (S.D.N.Y. 2020)("When assessing a motion for reconsideration, a district court must 'narrowly construe and strictly apply' Local Rule 6.3 in order to 'avoid duplicative rulings on previously considered issues' and to prevent the rule from being used to advance theories not previously argued or as 'a substitute for appealing a final judgment.'")(quoting Montanile v. Nat'l Broad. Co., 216 F.Supp. 2d 341, 342 (S.D.N.Y. 2002)).

The plaintiffs' motion for reconsideration and supporting memorandum cite authority to support the proposition that, under

3

the FLSA and NYLL, reasonable attorney's fees, when supported by evidence, may be awarded to prevailing plaintiffs by district courts. See, e.g., Callari v. Blackman Plumbing Supply, Inc., No. 11-cv-3655, 2020 WL 2771008, at *9, 21-22 (E.D.N.Y., May 4, 2020) (collecting cases).  The plaintiffs also note that courts may decide to reserve judgment on the extent to which attorney's fees and costs should be awarded, or may permit parties to file evidence to support reasonable attorney's fees after successfully pleading their case on the merits.  See, e.g., Morales v. Mw Bronx, Inc., No. 15-CV-6296 (TPG), 2016 WL 4084159, at *12, 32-33 (S.D.N.Y., Aug. 1, 2016); Khurana v. JMP USA, Inc., No. 14-CV-4448 (SIL), 2017 WL 1251102, at *18 (E.D.N.Y. Apr. 5, 2017).  Yet, the plaintiffs have failed to provide any authority to support the proposition that parties are entitled to disregard an order from a Magistrate Judge to produce evidence in support of their application for attorney's fees.

    Magistrate Judge Fox ordered the plaintiffs to submit evidence with respect to attorney's fees, so that the issue of damages and attorney's fees could be addressed in one proceeding. The plaintiffs' counsel chose not to comply, despite representations from the plaintiffs' counsel that the evidence should have been available at the time. See ECF No. 89, ¶¶ 10-11 (declaration from the counsel of record for the plaintiffs that he maintained contemporaneous time records and "instructed, supervised, and ensured that all associates and employees of Troy

4

Law, PLLC keep contemporaneous time records of the hours they have expended on this matter").

The burden is on parties to submit sufficient evidence, including contemporaneous records, to support their application for attorney's fees. Scott v. City of New York, 626 F.3d 130, 133 (2d Cir. 2010) (per curiam) ("[A]bsent unusual circumstances attorneys are required to submit contemporaneous records with their fee applications."); Callari v. Blackman Plumbing Supply, Inc., No. 11-cv-3655, 2020 WL 2771008, at *9 (E.D.N.Y., May 4, 2020) ("The party seeking reimbursement of attorney's fees bears the burden of proving the reasonableness and necessity of hours spent and rates charged.")(citing N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1139 (2d Cir. 1983)); Hosking v. New World Mortg., Inc., No. 07-CV-2200 MKB, 2013 WL 5132983, at *7 (E.D.N.Y. Sept. 12, 2013), aff'd, 570 F. App'x 28 (2d Cir. 2014) (denying attorney's fees, after the plaintiffs "failed to submit any records" despite court orders to do so). Here, the plaintiffs' counsel presented no evidence in response to the Magistrate Judge's request and has failed to explain why unusual circumstances prevented them from doing so.  The plaintiffs' counsel has cited no authority either to support their flagrant disregard of the Magistrate Judge's Order or to show that the Magistrate Judge lacked authority to handle both the damages and attorney's fees within the same proceeding. As such, the Magistrate Judge was correct in finding no evidence of attorney's

fees, and there is no basis for the Court to reconsider its prior July 31 Order adopting that portion of the Magistrate Judge's Report and Recommendation.

## CONCLUSION

For the reasons explained above, the plaintiffs' motion for reconsideration is denied.  This denial is without prejudice to the Magistrate Judge's consideration of the plaintiffs' new motion for attorney's fees. The Clerk is directed to close Docket No. 93.

**SO ORDERED.**

**Dated:    New York, New York**
**          September 10, 2020**

                                         _____/s/ John G. Koeltl_____
                                             **John G. Koeltl**
                                    **United States District Judge**